UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NASIR-UDDIN QURESHI,

        Plaintiff,                    CIVIL ACTION NO. 04-CV-71810-DT

   vs.                              DISTRICT JUDGE NANCY G. EDMUNDS

R.J. REYNOLDS TOBACCO CO.,     MAGISTRATE JUDGE MONA K. MAJZOUB
ET AL.

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff originally filed this complaint in this antitrust action on May 13, 2004. Since then, the parties have amended the complaint via stipulation on numerous occasions. Defendant RJR Reynolds Tobacco Company was not named in the original complaint, but was substituted as a party by stipulation on June 28, 2004. The Honorable Nancy G. Edmunds entered an order consolidating this case (04-CV-71810) and another case (05-CV-74467) on January 27, 2006.

On May 8, 2006 Plaintiff, proceeding *pro se,* filed the instant Motion for Leave to File Amended Complaint. The motion has been fully briefed by the parties and referred to the undersigned for determination. The Court is dispensing with oral argument pursuant to E.D. Mich. LR 7.1.

Plaintiff's proposed amended complaint adds new antitrust counts under several provisions of the Clayton Act 15 U.S.C. §§ 1 *et seq.* Fed. R. Civ. P. 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Defendant argues that Plaintiffs' motion should be denied because it has been filed after undue delay. Defendant claims that allowing an amendment now would unfairly prevent it from adequately preparing a defense against the new claim. The Court finds Defendant's argument unpersuasive. The new causes of action for "civil monopoly" are closely related

to Plaintiffs' pre-existing antitrust claims. The parties have clearly contemplated the filing of an amended complaint addressing the properly named Defendant for some time. As Defendant points out, there are already pending motions to dismiss and for summary judgment that may dispose of all claims in Plaintiff's amended complaint. Defendant has failed to show a significant likelihood that it will be prejudiced by an order allowing Plaintiff to amend the complaint.

Defendant also claims that Plaintiff did not attempt to seek Defendant's concurrence in the filing of the instant motion. Given that Defendant clearly opposes Plaintiff's motion, and because Plaintiff is proceeding *in propria persona*, the Court will not dismiss Plaintiff's Motion because it fails to comply with the local rule.

Plaintiff's Motion for Leave to File Amended Complaint is **GRANTED**. Plaintiff may file an amended complaint in compliance with Fed. R. Civ. P. 15.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 15, 2005            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


### Proof of Service

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: June 15, 2006            s/ Lisa C. Bartlett
                                Courtroom Deputy