**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NASIR-UDDIN QURESHI,**

       **Plaintiff,**                 **CIVIL ACTION NO. 04-CV-71810-DT**

   **vs.**                             **DISTRICT JUDGE NANCY G. EDMUNDS**

**R.J. REYNOLDS TOBACCO**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
  Co., et al,

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

This Court recommends that: (1) Plaintiff's Request to Amend Complaint II be **GRANTED** as to Defendants Susan Ivey, Lynn Beasley, Dianne Neal, Lucinda Sheer and Christopher Pendy; (2) Defendants Ivey, Beasley, Neal, Sheer and Pendy's Motion to Dismiss Action Against Them Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket # 51) be **GRANTED** and the case against these Defendants be **DISMISSED** with prejudice if Plaintiff fails to timely file an Amended Complaint II; and (3) Plaintiff's Motion Pursuant to Fed. R. Civ. P. 56(e) be **DENIED**.

**II.**

**PROCEDURAL HISTORY**

Plaintiff was the proprietor of a cigarette and tobacco store named the Royal Smoker. On May 13, 2004 Plaintiff filed a Complaint in case number 04-CV-71810 ("Complaint I") alleging, in part, that Defendants engaged in price discrimination by refusing to provide him with a cigarette buy-down promotional contract in violation of various anti-trust laws. The Defendants to Complaint I included: RJ Reynolds Tobacco Holding, Inc., Andrew

Schinder, Lucinda Sheer, Christopher Pendy, Jill Morano, Beth Bommarito, and RJ Reynolds CMS, Inc. Defendant RJ Reynolds Tobacco Company ("RJRTC") was not named in Complaint I but was substituted as a party by stipulation. RJRTC is represented by Jack O. Kalmink of Clark Hill PLC. Defendants RJ Reynolds Tobacco Holding, Inc., Schinder, Sheer, Pendy, Morano, and Bommarito were dismissed from the action without prejudice pursuant to the parties' stipulation.[1] Defendant RJ Reynolds CMS, Inc. has not been served with the Summons or Complaint I and this Court ordered Plaintiff to show cause why this Defendant should not be dismissed. Plaintiff's response is still awaited.

On November 23, 2005 Plaintiff filed a new Complaint in case number 05-CV-74467 ("Complaint II") against Defendants RJRTC, Clark Hill PLC, Jack O. Kalmink, RJRTC Aim Pay Department, Susan Ivey, Lynn Beasley, Dianne Neal, Lucinda Sheer and Christopher Pendy. Plaintiff alleges in Complaint II that Defendants Kalmink and Clark Hill violated the Michigan Rules of Professional Conduct and that they acted with RJRTC "to try to put Plaintiff out of business." Plaintiff also asserts, in part, that the other Defendants further engaged in price discrimination by either refusing to honor Plaintiff's existing buy-down promotional contract or refusing to provide such a contract to Plaintiff for his new cigarette and tobacco store named Smokers Butts in violation of various anti-trust laws. Both cases have been consolidated under case number 04-71810 pursuant to an Order by District Court Judge Nancy G. Edmunds. All pre-trial matters have been referred to the undersigned by Judge Edmunds.

Defendants Ivey, Beasley, Neal, Sheer and Pendy (hereinafter referred to as

---

[1] Plaintiff has since been granted leave to amend Complaint I to add new anti-trust allegations against Defendant RJRTC.

"Defendants") have filed a Motion to Dismiss Action Against Them Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket # 51). Plaintiff subsequently filed a pleading entitled "Plaintiff's Motion [Pursuant] to Fed. R. Civ. P. 56(e)  Response to Defendants Ivy, Beasley, Neil, Sheer and Pendy Motion to Dismiss Action Against Them" (Docket # 54), which the Court construes as Plaintiff's motion for summary judgment, response to Defendants' Motion to Dismiss and a request to amend Complaint II.  Plaintiff subsequently filed a second response to Defendants' Motion to Dismiss (Docket # 56). Defendants have replied. These motions are now before this Court.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument.  Therefore, these motions will be resolved without oral argument pursuant to E.D. MICH. LR 7.1(e)(2).

### III.

### LAW AND ANALYSIS

**A.     DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants move to dismiss Complaint II under Fed. R. Civ. P. 12(b)(6) for failure to state a claim against them.  Defendants also seek reasonable costs and attorneys' fees. Plaintiff argues that he has adequately stated a claim against each Defendant.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.  *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v.*

*MetroHealth Medical Center*, 58 F.3d 1130, 1138 (6th Cir. 1995).  Motions to dismiss are disfavored and "should be granted sparingly and with caution only where it appears to a certainty that no set of facts could be proven at trial which would entitle plaintiff to any relief."  *Dann v. Studebaker-Packard Corp.*, 288 F.2d 201, 215 (6th Cir. 1961).

However, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995). The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).

A pro se litigant's complaint is to be construed liberally (by a standard less stringent than would be applied to attorneys) but still must plead facts sufficient to show a cognizable legal wrong has been committed and that plaintiff may be entitled to relief.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Defendants assert that Plaintiff has not stated a claim against them because Plaintiff has only named them in the caption of Complaint II.  Plaintiff does not point to any facts or allegations contained in Complaint II that implicate Defendants.  Rather, Plaintiff asks this Court to consider new facts, allegations and exhibits that he presents in his responsive pleadings.  If the Court were to consider such extraneous material, it would be required to treat Defendants' Motion to Dismiss as a Motion for Summary Judgment under Federal Rule of Civil Procedures 56.  Fed. R. Civ. P. 12 (b).  The Court believes such treatment improvident and declines to consider Plaintiff's proffered material.  The Court therefore only considers the sufficiency of Plaintiff's claims as plead in Complaint II.  Complaint II makes no mention of Defendants Ivy, Beasley, Neil, or Sheer other than in the caption.

Defendant Pendy is named in the caption and is otherwise only referred to as a party voluntarily dismissed from Complaint I. Consequently, Complaint II fails to state a claim for relief against Defendants Ivy, Beasley, Neil, Sheer and Pendy and is subject to summary dismissal as to these Defendants. *See Mansharamani v. Michigan State University Bd. of Trustees*, 2006 WL 62824 *2 (W.D. Mich. 2006) (slip copy) ("A complaint that merely names a defendant in the case caption without alleging specific conduct by the defendant is subject to summary dismissal as frivolous.")

B.    **PLAINTIFF'S REQUEST TO AMEND COMPLAINT II**

Plaintiff has also requested permission to amend Complaint II pursuant to Rule 15(a) in his response to Defendants' Motion to Dismiss based upon the pleadings proffered in said response. Defendants argue that Plaintiff should not be permitted to amend Complaint II to avoid dismissal with prejudice. Specifically, Defendants assert that Plaintiff's request to amend Complaint II, contained within Plaintiff's response to their Motion to Dismiss, is not a proper motion to amend under Federal Rule of Civil Procedure 15(a) because Plaintiff has not attached a proposed amended Complaint II as required by Local Rule 15.1 or set forth additional facts demonstrating that he can state a claim against Defendants.

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a), which states that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Typically, "leave shall be given where justice so requires," because cases "should be tried on their merits rather than the technicalities of the pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam). The district court, however, need not act as a rubber stamp when a party files such a motion. "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party,

or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court does not conclude, upon its review of the record, that Plaintiff's motion to amend results is brought in bad faith or for a dilatory purpose. Furthermore, Plaintiff's motion to amend, albeit technically deficient, was not filed with undue delay. Defendants have not convincingly demonstrated any prejudice that would result by an amendment of Complaint II. Unlike the plaintiffs in the cases of *D.E. & J. Limited Partnership v. Conaway*, 284 F. Supp. 2d 719 (E.D. Mich. 2003) and *Begala v. PNC Bank, Ohio N.A.*, 214 F.3d 776, 784 (6th Cir. 2000) cited by Defendants, Plaintiff is acting *in pro per* and has not yet amended Complaint II.

The question of futility is more perplexing given Plaintiff's failure to provide a proposed Amended Complaint II and the contradictory factual allegations made by Plaintiff in his responsive pleadings. Plaintiff alleges that Defendants Ivy, Beasley, and Neil are the executive officers of RJRT and that they knowingly violated the anti-trust laws by adopting a discriminatory policy by (1) refusing to honor Plaintiff's existing buy-down promotional contract or (2) refusing to provide such a contract to Plaintiff. Plaintiff further alleges that Defendant Sheer, as the Director of Regional Sales for RJRTC, and Defendant Pendy, as the division manager for RJRTC, knowingly violated the anti-trust laws by enforcing a discriminatory policy by (1) refusing to honor Plaintiff's existing buy-down promotional contract or (2) refusing to provide such a contract to Plaintiff. An officer or employee of a corporation may be sued as an individual under 15 U.S.C. § 13. *See Hoffman Motors Corp. v. Alfa Romeo S.P.A.*, 244 F. Supp. 70, 83 (D.C.N.Y. 1965). It is conceivable therefore that Plaintiff could allege sufficient facts to demonstrate each Defendant's individual liability in an amended complaint under 15 U.S.C. § 13. However, it would be futile to permit

Plaintiff to amend Complaint II against Defendants to allege facts for a claim solely under 15 U.S.C. § 13a because this section is a criminal provision and does not create a private cause of action for damages. *Nashville Milk Co. v. Carnation*, 355 U.S. 373, 382, 78 S.Ct. 352, 2 L.Ed.2d 340 (1958)("a private cause of action does not lie for practices forbidden only by section 3 of the Robinson-Patman Act."); *Englander Motors, Inc. v. Ford Motor Company*, 293 F.2d 802, 803-04 (6th Cir. 1961).

The Court therefore recommends that Plaintiff's request to amend Complaint II be **GRANTED** to the extent Plaintiff seeks to state a claim against Defendants under 15 U.S.C. § 13 but **DENIED** to the extent he seeks to state a claim solely under 15 U.S.C. § 13a. The Court also recommends that Plaintiff be ordered to file and serve an Amended Complaint **on or before July 31, 2006** in a manner consistent with the discussion above.

The Court further recommends that Defendants Motion to Dismiss Action Against Them Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket # 51) be **GRANTED** and that Plaintiff's Complaint II against Defendants Ivy, Beasley, Neil, Sheer and Pendy be **DISMISSED** with prejudice if Plaintiff fails to file and serve an amended Complaint II **on or before July 31, 2006.**

Lastly, this Court recommends that Defendants' request for reasonable costs and attorney fees be denied.

### C.  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In light of this Court's recommendation that Plaintiff's New Complaint be dismissed without prejudice, the Court also recommends that Plaintiff's Motion for Summary Judgment **BE DENIED** as moot.

**D.     NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 7, 2006                              s/ Mona K. Majzoub
                                                 **MONA K. MAJZOUB**
                                                 **UNITED STATES MAGISTRATE JUDGE**


**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record and Nasir-Uddin M. Qureshi on this date.

Dated: July 7, 2006                              s/ Lisa C. Bartlett
                                                 **Courtroom Deputy**