UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NASIR-UDDIN QURESHI,

        Plaintiff,                           CIVIL ACTION NO. 04-CV-71810-DT

   vs.                                 DISTRICT JUDGE NANCY G. EDMUNDS

R.J. REYNOLDS TOBACCO CO.,      MAGISTRATE JUDGE MONA K. MAJZOUB
  et al.,

        Defendants.
_____/

## I.

## REPORT AND RECOMMENDATION

This Court recommends that: (1) Plaintiff's Request to Amend Complaint II be **DENIED** as to Defendants Clark Hill and Jack O. Kalmink; (2) Defendants Clark Hill and Kalmink's Motion to Dismiss Action Against Them Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Docket # 50) be **GRANTED IN PART AND DENIED IN PART** and the case against them be **DISMISSED** without prejudice; and (3) Plaintiff's Motion Pursuant to Fed. R. Civ. P. 56(e) be **DENIED**.

## II.

## PROCEDURAL HISTORY

Plaintiff was the proprietor of a cigarette and tobacco store named the Royal Smoker. On May 13, 2004 Plaintiff filed a Complaint in case number 04-CV-71810 ("Complaint I") alleging, in part, that Defendants engaged in price discrimination by refusing to provide him with a cigarette buy-down promotional contract in violation of various federal anti-trust laws. The Defendants to Complaint I included: RJ Reynolds Tobacco Holding, Inc., Andrew Schinder, Lucinda Sheer, Christopher Pendy,

1

Jill Morano, Beth Bommarito, and RJ Reynolds CMS, Incorporated. Defendant RJ Reynolds Tobacco Company ("RJRTC") was not named in Complaint I but was substituted as a party by stipulation. RJRTC is represented by Jack O. Kalmink of Clark Hill PLC. Defendants RJ Reynolds Tobacco Holding, Inc., Schinder, Sheer, Pendy, Morano, and Bommarito were dismissed from the action without prejudice pursuant to the parties' stipulation.[1] Defendant RJ Reynolds CMS, Incorporated has not been served with the Summons or Complaint I and this Court ordered Plaintiff to show cause why this Defendant should not be dismissed. Plaintiff did not respond and this Court issued a Report and Recommendation that Complaint I be dismissed against Defendant RJ Reynolds CMS, Incorporated on July 7, 2006.

On November 23, 2005 Plaintiff filed a new Complaint in case number 05-CV-74467 ("Complaint II") against Defendants RJRTC, Clark Hill PLC, Jack O. Kalmink. RJRTC Aim Pay Department, Susan Ivey, Lynn Beasley, Dianne Neal, Lucinda Sheer and Christopher Pendy.[2] Plaintiff alleges in Complaint II that Defendants Kalmink and Clark Hill violated the Michigan Rules of Professional Conduct and that they acted with RJRTC "to try to put Plaintiff out of business." Plaintiff also asserts, in part, that the other Defendants further engaged in price discrimination by either refusing to honor Plaintiff's existing buy-down promotional contract or refusing to provide such a contract to Plaintiff for his new cigarette and tobacco store named Smokers Butts in violation of various anti-trust

---

[1] Plaintiff was granted leave to amend Complaint I to add new anti-trust allegations against Defendant RJRTC. However, he failed to timely file an amended Complaint I. Plaintiff subsequently filed a motion for leave to file the untimely Amended Complaint I.

[2] This Court issued a Report and Recommendation on July 7, 2006 recommending that Plaintiff be granted leave to file an Amended Complaint II as to Defendants Ivey, Beasley, Neal, Sheer and Pendy to allege violation of 15 U.S.C. § 13.

laws. Both cases have been consolidated under case number 04-71810 pursuant to an Order by District Court Judge Nancy G. Edmunds. All pre-trial matters have been referred to the undersigned by Judge Edmunds.

Defendants Clark Hill and Kalmink (hereinafter referred to as "Defendants") have filed a Motion to Dismiss Action Against Them Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Docket # 50). Plaintiff subsequently filed a pleading entitled "Plaintiff's Motion [pursuant] to Fed. R. Civ. P. 56(e) Answer to Defendants Clark Hill PLC and Jack O. Kalmink's Motion to Dismiss Action Against Them" (Docket # 53), which the Court construes as Plaintiff's motion for summary judgment, response to Defendants' Motion to Dismiss and a request to amend Complaint II. Plaintiff subsequently filed a second response to Defendants' Motion to Dismiss (Docket # 57). Defendants did not reply. These motions are now before this Court. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, these motions will be resolved without oral argument pursuant to E.D. MICH. LR 7.1(e)(2).

### III.

### LAW AND ANALYSIS

Defendants move to dismiss Complaint II under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction over Plaintiff's state law claims and alternatively under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Defendants also seek reasonable costs and attorneys' fees. Plaintiff did not respond to Defendants' jurisdictional argument but rather argues that he has adequately stated claims against Defendants. Plaintiff alternatively asks this Court to grant him leave to amend Complaint II as to Defendants to avoid dismissal.

### A.    STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Michigan S RR Co. v. Branch & St. Joseph Counties Rail Users Ass'n Inc.*, 287 F.3d 568, 573 (6th Cir. 2002).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1138 (6th Cir. 1995). Motions to dismiss are disfavored and "should be granted sparingly and with caution only where it appears to a certainty that no set of facts could be proven at trial which would entitle plaintiff to any relief." *Dann v. Studebaker-Packard Corp.*, 288 F.2d 201, 215 (6th Cir. 1961).

However, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995). The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). A pro se litigant's complaint is to be construed liberally (by a standard less stringent than would be applied to attorneys) but still must plead facts sufficient to show a cognizable legal wrong has been committed and that plaintiff may be entitled to relief. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

**B.    CLAIMS PENDING AGAINST DEFENDANTS IN COMPLAINT II**

Plaintiff alleges in Complaint II that Defendant Kalmink violated the Michigan Rules of Professional Conduct Rule 3. 4.[3] Rule 3.4 provides, in part, that an attorney shall not "make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party." MRPC 3.4(d). Plaintiff asserts that Defendant Kalmink violated Rule 3.4 by: (1) failing to timely respond to Plaintiff's first Request for Responses to Interrogatories and for Production of Documents; (2) filing a motion to compel discovery; (3) failing to timely serve Defendant RJRTC's response to Plaintiff's amended first Request for Responses to Interrogatories; and (4) misrepresenting to this Court that Defendant had timely served Plaintiff with Defendant RJRTC's responses to Plaintiff's amended first Request for Responses to Interrogatories.

**C.    DEFENDANTS' RULE 12 MOTIONS TO DISMISS**

**1.    Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1)**

Defendants move to dismiss Plaintiff's claim alleging violations of the MRPC pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, which Defendants characterize as an issue of state law. Plaintiff has not responded to Defendants' jurisdictional argument.

Defendants primarily rely upon *Young v. Consolidated Rail Corp. et al.* 710 F. Supp. 192 (E.D. Mich 1989) to assert that this Court does not have supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367 because the only federal claims pending before this Court are directed at other

---

[3]    MRPC govern attorneys' ethical responsibilities in this state. This Court has adopted the MRPC for regulating practice before it. LR 83.22(b) ("Rules of Professional Conduct adopted by the Michigan Supreme Court, as amended from time to time, apply to members of the bar of this court and attorneys who practice in this court as permitted by LR 83.20.").

Defendants. Defendants' argument is misplaced. The *Young* holding was premised upon the U.S. Supreme Court decision of *Aldinger v. Howard*, 427 U.S. 1 (1976). *Aldinger* and the subsequent U.S. Supreme Court decision of *Finley v. United States*, 490 U.S. 545 (1989) were abrogated by the adoption of § 1367(a) in 1990. Section 1367(a) specifically mandates that when a federal court exercises its jurisdiction over a federal claim under 28 U.S.C. § 1361, then it shall also exercise supplemental jurisdiction over any other claims that arise from the same transaction and occurrences giving rise to the federal action.

Federal courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). In *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), the Supreme Court recited four factors to assess in determining if a state law claim falls within the "same case or controversy" as the adjoining federal claim: (1) there must be a federal claim; (2) the relationship between the federal claim and the state claim must be such that it permits the conclusion that the entire action comprises but one case; (3) the federal claim must have sufficient substance to confer subject matter jurisdiction; and (4) the federal and state claims must derive from a common nucleus of operative fact. *Province v. Cleveland Press Pub. Co.*, 787 F.2d 1047, 1054 n. 8 (6th Cir. 1986) (citing *United Mine Workers*, 383 U.S. at 725). Claims derive from a common nucleus of operative fact if they "revolve around a central fact pattern." *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (quoting *White v. County of Newberry, S. C.*, 985 F.2d 168, 172 (4th Cir. 1993).

There exist pending federal claims concerning whether certain Defendants engaged in price discrimination by refusing to provide Plaintiff with cigarette buy-down promotional contracts in violation of various federal anti-trust laws. The Court has original jurisdiction over these claims under 28 U.S.C. § 1361. The Court therefore has supplemental jurisdiction over Plaintiff's MRPC claim if it

arises from the "same case or controversy" as these pending federal claims. Plaintiff's claims connected to his stated MRPC claim share no such common nucleus with the pending federal anti-trust claims. The operative facts, witnesses, and evidence necessary to either prove or disprove Plaintiff's MRPC claim and his federal anti-trust claims bear little, if any, relationship to one another. This Court therefore recommends that Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) be **GRANTED**.

### 2. Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)

Based upon the above-recommendation, this Court also recommends that Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) be **DENIED** as moot.[4]

### D. PLAINTIFF'S REQUEST TO AMEND COMPLAINT

Plaintiff has also requested permission to amend Complaint II pursuant to Rule 15(a) in his response to Defendants' Motion to Dismiss based upon the pleadings proffered in said response. He has not attached a copy of his proposed Amended Complaint II. However, a liberal reading of Plaintiff's pleadings indicates that he seeks to amend Complaint II to allege a federal conspiracy claim against Defendants. Plaintiff asserts that Defendant Kalmink wrote a letter to Plaintiff indicating that Defendant RJRTC would not sign a buy down promotional contract for his Smokers Butts store because of the pending litigation related to Complaint I. However, Plaintiff

---

[4] Even assuming the proper exercise of supplemental jurisdiction over Plaintiff's MRPC claim, Plaintiff has failed to state a claim because the Michigan Rules of Professional Responsibility do not create a private cause of action. MRPC 1.0(b) ("Failure to comply with an obligation or prohibition imposed by a rule is a basis for invoking the disciplinary process. The rules do not, however, give rise to a cause of action for enforcement of a rule or for damages caused by failure to comply with an obligation or prohibition imposed by a rule."); *see Evans & Luptak, PLC vs. Lizza*, 650 N.W.2d 364, 368 (Mich. App. 2002).

also alleges that Defendant Kalmink knew that Smokers Butts had a buy down promotional contract with Defendant RJRTC. Based on these facts, Plaintiff claims that Defendant Kalmink conspired with Defendant RJRTC to put Plaintiff out of business in violation of 15 U.S.C. § 13 and 15 U.S.C. § 13a.

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a), which states that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Typically, "leave shall be given where justice so requires," because cases "should be tried on their merits rather than the technicalities of the pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam). The district court, however, need not act as a rubber stamp when a party files such a motion. "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court does not conclude, upon its review of the record, that Plaintiff's motion to amend is brought in bad faith or for a dilatory purpose. Furthermore, Plaintiff's motion to amend, albeit technically deficient, was not filed with undue delay and Defendants have not demonstrated any prejudice that would result by an amendment of Complaint II. However, it would be futile to allow Plaintiff to amend Complaint II to the extent he seeks to allege a conspiracy against Defendants under 15 U.S.C. § 13 and 15 U.S.C. § 13a. An independent cause of action for conspiracy does not exist under Section 15 U.S.C. § 13(a). *See Bishop v. GNC Franchising LLC*, 403 F. Supp. 2d 411, 424-25 (W.D. Pa. 2005) (dismissing conspiracy claim under Robinson-Patman Act because there is no authority for such a claim), citing *General Supply Deck & Floor Underlayment Co. v. Maxxon Southwest*, 2001 WL 1480768 at *4 (N.D. Tex. 2001) and *Drug Mart Pharmacy Corp. v. Am. Home Products Corp.*,

378 F. Supp. 2d 134, 140 (E.D.N.Y. 2005). Furthermore, 15 U.S.C. § 13a is a criminal provision and cannot create the sole basis of a private cause of action for damages whether based on conspiracy or otherwise. *Nashville Milk Co. v. Carnation*, 355 U.S. 373, 382, 78 S.Ct. 352, 2 L.Ed.2d 340 (1958)("a private cause of action does not lie for practices forbidden only by section 3 of the Robinson-Patman Act."); *Englander Motors, Inc. v. Ford Motor Company*, 293 F.2d 802, 803-04 (6th Cir. 1961).

The Court therefore recommends that Plaintiff's request to amend Complaint II be **DENIED** as to Defendants Clark Hill and Kalmink.

### E. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In light of this Court's recommendation that Plaintiff's New Complaint be dismissed without prejudice, the Court also recommends that Plaintiff's Motion for Summary Judgment **BE DENIED** as moot.

### F. SUMMARY OF RECOMMENDATIONS

Based upon the previous discussion, this Court recommends that Defendants' Motion to Dismiss (Docket # 50) be **GRANTED** to the extent Defendants seek dismissal under Federal Rules of Civil Procedure 12(b)(1) but **DENIED** as moot to the extent they seek dismissal under Federal Rules of Civil Procedure 12(b)(6).

The Court further recommends that Plaintiff's Request to Amend Complaint II and Motion for Summary Judgment be **DENIED.**

The Court also recommends that Complaint II be **DISMISSED** without prejudice as to Defendants Clark Hill and Kalmink.

9

Lastly, this Court recommends that should Defendants seek to pursue the issue of reasonable costs and attorneys' fees, they be directed to file a proper motion with an attached bill of costs, citing the legal and factual basis for their request.

### G.      NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 20, 2006                                    s/ Mona K. Majzoub                                  
                                                        **MONA K. MAJZOUB**
                                                        **UNITED STATES MAGISTRATE JUDGE**

## Proof of Service

    I hereby certify that a copy of this Order was served upon Counsel of Record and Nasir-Uddin Qureshi on this date.


Dated: July 20, 2006                    <u>s/ Lisa C. Bartlett</u>
                                                   **Courtroom Deputy**