UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NASIR-UDDIN M. QURESHI,**

        **Plaintiff,**　　　　　　　**CIVIL ACTION NO. 04-CV-71810-DT**

  vs.

　　　　　　　　　　　　　　　**DISTRICT JUDGE NANCY G. EDMUNDS**

**R.J. REYNOLDS TOBACCO**　　**MAGISTRATE JUDGE MONA K. MAJZOUB**
**CO.,**

        **Defendant.**
_____/

### REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that Defendant's Motion for Summary Judgment filed on May 1, 2006 (docket no. 64) be GRANTED, and that this action (as to Complaint One) be dismissed.

**II.**    **REPORT:**

This matter comes before the Court on Defendant R.J. Reynolds Tobacco Company's Motion for Summary Judgment. (Docket no. 64). Plaintiff who is proceeding *pro se* has responded. (Docket no. 100). Defendant has filed a Reply Brief. (Docket no. 105). The matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    *A.*    *Factual Background*

Plaintiff has filed two related Complaints in this Court. Plaintiff filed the first Complaint (which the Court will refer to as Complaint One) on May 13, 2004. (Docket no. 1). Complaint One pertains to Royal Smoker, a tobacco store operated by K. N. Tobacco Corporation, of which Plaintiff is the only officer. Royal Smoker operated in Sterling Heights, Michigan, from September 2003 until about March 2005. Plaintiff opened his second tobacco store, Smoker Butts, in January 2005. Plaintiff filed

Complaint Two on November 23, 2005, and it pertains to Smoker Butts. (No. 05CV74467, docket no. 1). The two actions were consolidated by Order of January 27, 2006. This summary judgment motion is directed toward Complaint One. A separate Report and Recommendation is being submitted addressing the Defendants' motion to dismiss Complaint Two and its amendments. Plaintiff generally complains that R. J. Reynolds Tobacco Co. refused to enter into a promotional contract with him as the owner of the Royal Smoker Tobacco store which caused Plaintiff to suffer damages including lost profits from the sale of cigarettes. Plaintiff attempts to state antitrust claims based on these facts.

  *B.  Claims*

Plaintiff names seven Defendants in the Verified Complaint. They are R.J. Reynolds Tobacco Holding Inc.; Andrew J. Schinder CEO; Reginal [sic] Manager of Michigan; Area Manager of Sterling Heights Cris Pendy; Area Sales Representative Jill L. Morano; Area Sales Representative Beth M. Bommarito; and Reynolds CMS Inc.

Plaintiff's specific claims are: Count I, National Origin Discrimination–Failure to Sign the Promotional Buy Down Contract; Count II, National Origin Discrimination–Miss Morano Provided Wrong Information to CMS, Inc. (Manufacturer Coupon Accepting Company); Count III, Violation of U.S.C. Title 15 § 13; and Count IV, Damages.

The parties agreed to dismiss and the Court ordered that Counts I and II be dismissed on June 28, 2004. (Docket no. 12). In addition, R.J. Reynolds Tobacco Holding, Inc. was dismissed and R.J. Reynolds Tobacco Company was substituted as a Defendant for it. (Docket no. 14). Defendant Schinder was dismissed (docket no. 13), as was Defendant Sheer who was identified as the Regional Manager of Michigan in the Complaint (docket no. 11). Defendants Pendy, Morano, and Bommarito were also dismissed. (Docket no. 60). Finally, Defendant CMS, Inc. has been dismissed. (Docket no. 92). Defendant R.J. Reynolds Tobacco Company is therefore the only remaining Defendant.

*C.      Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 914-15 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

*D.      Counts I and II*

As stated above, both of these counts have already been dismissed.

    E.    *Count III–15 U.S.C. § 13*

In Count III Plaintiff relies upon 15 U.S.C. § 13a[1] which is a criminal provision making illegal discrimination in rebates, discounts, and advertising service charges. Plaintiff may not proceed under this provision, however, because it does not provide a private cause of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 382 (1958); *Englander Motors, Inc. v. Ford Motor Co.*, 293 F.2d 802, 803-04 (6th Cir. 1961). Defendant is entitled to judgment as a matter of law, and Plaintiff's claim under section 13a should be dismissed.

Defendant argues that Plaintiff has asserted a claim only under section 13a. (Docket no. 64). Plaintiff does not directly dispute this in his Response. (Docket no. 100). The only factual allegation specific to Count III is Plaintiff's claim that "Defendant had signed the buy down contract with my competition and destroyed Plaintiff's business." (Docket no. 1 at 8). Defendant reasonably construes this to be a factual allegation supporting a claim of a violation of section 13a. Plaintiff has therefore failed to follow the basic pleading requirements with respect to any claim other than for relief under section 13a. *See* Fed. R. Civ. P. 8(a) (requiring pleading to set forth short and plain statement of the claim showing that the pleader is entitled to relief); *Wells v. Brown*, 891 F.2d 591,

---

[1] Title 15 U.S.C. § 13a provides as follows:

> It shall be unlawful for any person engaged in commerce, in the course of such commerce, to be a party to, or assist in, any transaction of sale, or contract to sell, which discriminates to his knowledge against competitors of the purchaser, in that, any discount, rebate, allowance, or advertising service charge is granted to the purchaser over and above any discount, rebate, allowance, or advertising service charge available at the time of such transaction to said competitors in respect of a sale of goods of like grade, quality, and quantity; to sell, or contract to sell, goods in any part of the United States at prices lower than those exacted by said person elsewhere in the United States for the purpose of destroying competition, or eliminating a competitor in such part of the United States; or, to sell, or contract to sell, goods at unreasonably low prices for the purpose of destroying competition or eliminating a competitor.
>
> Any person violating any of the provisions of this section shall, upon conviction thereof, be fined not more than $5,000 or imprisoned not more than one year, or both.

594 (6th Cir. 1989) (courts must not abrogate basic pleading requirements for *pro se* plaintiffs).  The Court therefore finds that Plaintiff's Complaint sets forth a claim only under section 13a.

Plaintiff did, however, include what appear to be three annotations in Count III which may refer to another section, 15 U.S.C. § 13(e).[2]  Out of an abundance of caution, the Court will examine section 13(e).

Congress enacted subsection (e) to prevent sellers from circumventing subsection (a), which prohibits price discrimination, by discriminating between buyers in respects other than price.  *See F.T.C. v. Simplicity Pattern Co.*, 360 U.S. 55, 68-69 (1959).  Although subsection (e) does not contain the same "in commerce" language as subsection (a), "the jurisdictional bases of § 2(a) have been incorporated into § 2(e).  *L & L Oil Co. v. Murphy Oil Corp.*, 674 F.2d 1113, 1115-16 (5th Cir. 1982); *see George Haug Co. v. Rolls Royce Motor Cars, Inc.*, 148 F.3d 136, 144-45 (2nd Cir. 1998).  Therefore, under subsection (e) just as in subsection (a) at least one of the alleged discriminatory events must occur in interstate commerce.  *Gulf Oil Corp. v. Copp Paving Co.*, 419 U.S. 186, 195 (1974).  *See Coastal Fuels of P.R., Inc. v. Caribbean Petroleum Corp.,* 79 F.3d 182, 189-90 (1st Cir. 1996) (15 U.S.C. § 13(a) did not apply because for transaction to qualify "the product at issue must physically cross a state boundary in either the sale to the favored buyer or the sale to the buyer allegedly discriminated against.").

---

[2] Subsection (e) states as follows:

> It shall be unlawful for any person to discriminate in favor of one purchaser against another purchaser or purchasers of a commodity bought for resale, with or without processing, by contracting to furnish or furnishing, or by contributing to the furnishing of, any services or facilities connected with the processing, handling, sale, or offering for sale of such commodity so purchased upon terms not accorded to all purchasers on proportionally equal terms.

Plaintiff alleges in his Complaint that the "incident complained of herein took place in the City of Sterling Heights, Macomb County, Michigan." (Docket no. 1, ¶ 4). The only factual allegation is that Plaintiff's competitors received the benefit of the buy down contract while he did not. There is no allegation of any discriminatory transactions crossing a state line. Accordingly, even if Plaintiff's Complaint is construed to assert a claim under section 13(e), it would not save the Complaint from being dismissed.

*F.     Count IV–Damages*

In this count, Plaintiff does not state any claim for relief. He simply lists how Defendant's alleged illegal conduct has injured him. Therefore, there is no separate cause of action stated in this count.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated:   November 01, 2006               s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE



## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Nasir-Uddin M. Qureshi and Counsel of Record on this date.

Dated: November 01, 2006                 s/ Lisa C. Bartlett
                                         Courtroom Deputy