UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NASIR-UDDIN M. QURESHI,**

       **Plaintiff,**                **CIVIL ACTION NO. 04-CV-71810-DT**

  vs.

                                      **DISTRICT JUDGE NANCY G. EDMUNDS**

**R.J. REYNOLDS TOBACCO**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CO., et al.,**
       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**      **RECOMMENDATION:** This Court recommends that Defendants' Motion to Dismiss Amended Complaint Two filed on August 14, 2006 (docket no. 96) be GRANTED, and that Plaintiff's Motion to Leave to Amend the Complaint Two, Second Time filed on August 28, 2006 (docket no. 99) be DENIED, and that this action (as to Complaint Two) be dismissed.

**II.**      **REPORT:**

This matter comes before the Court on Defendants' Motion to Dismiss Amended Complaint Two (docket no. 96) and Plaintiff's Motion for Leave to Amend Complaint Two (docket no. 99). Plaintiff proceeding *pro se* filed his motion for leave to amend rather than respond to Defendants' Motion to Dismiss. Defendants have responded to Plaintiff's Motion for Leave to Amend. (Docket no. 107). Plaintiff has filed a Reply Brief. (Docket no. 109). The matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

      *A.*    *Factual Background*

Plaintiff has filed two related Complaints in this Court. Plaintiff filed the first Complaint (which the Court will refer to as Complaint One) on May 13, 2004. (Docket no. 1). Complaint One pertained

to Royal Smoker, a tobacco store operated by K. N. Tobacco Corporation, of which Plaintiff is the only officer. Royal Smoker operated from September 2003 until about March 2005. Plaintiff opened his second tobacco store, Smoker Butts, in January 2005. Plaintiff filed Complaint Two on November 23, 2005, and it pertains to Smoker Butts. (No. 05CV74467, docket no. 1). The two actions were consolidated by Order of January 27, 2006. Defendants have filed a motion for summary judgment on Complaint One. (Docket no. 64). That motion will be addressed in a separate Report and Recommendation. This Report and Recommendation addresses only Complaint Two and its amendments.

   *B.  Claims*

Plaintiff has filed with leave of Court an Amended Complaint Two. (Docket no. 91). This Amended Complaint supersedes the original Complaint and renders the original Complaint of no legal effect. *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2nd Cir. 2000). Therefore, the Court will begin by setting out the claims in the Amended Complaint.

Plaintiff names seven Defendants in the Amended Complaint Two. They are R.J. Reynolds Tobacco Company; R.J. Reynolds Tobacco Company AIM Pay Department; Susan M. Ivey, C.E.O.; Lynn J. Beasely, C.O.O.; Dianne M. Neal, C.F.O.; Lucinda C. Sheer, Michigan; and Christopher Pendy, Division Manager Michigan. Plaintiff alleges generally that he is the sole proprietor of Smoker Butts Tobacco Store in Fraser, Michigan, and that R.J. Reynolds Tobacco Company refused to enter into a contract with Plaintiff for the Smoker Butts store. Plaintiff further alleges that as a result, Smoker Butts lost the business of R.J. Reynolds Tobacco brands of cigarettes in addition to the Brown & Williamson brands of cigarettes (which R.J. Reynolds acquired).

Plaintiff's specific claims are: Count I, a violation of Section 4 of the Clayton Act, 15 U.S.C. § 15(a); Count II, a violation of the Robinson-Patman Act, 15 U.S.C. § 13(a); Count III, also a violation

of the Robinson-Patman Act, 15 U.S.C. § 13(e); Count IV, a violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; Count V, a violation of Section 3(b) of the Sherman Act, 15 U.S.C. § 3(b); and Count VI, a violation of Section 7 of the Clayton Act, 15 U.S.C. § 18.[1]

  C. *Standard of Review*

Defendants have moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.* In an antitrust case, the plaintiff must do more than state conclusory allegations that the defendant has violated the antitrust laws. *Klebanow v. New York Product Exchange*, 344 F.2d 294, 299 (2nd Cir. 1965). The complaint must set forth enough information to suggest that relief would be based on some recognized legal theory. *Fort Wayne Telsat v. Entertainment and Sports Programming Network*, 753 F. Supp. 109, 111 (S.D.N.Y. 1990).

  D. *Count I–the Clayton Act, 15 U.S.C. § 15(a)*

This provision, Section 4 of the Clayton Act, sets out the amount of recovery and prejudgment interest allowed in antitrust cases. 15 U.S.C. § 15(a). It states that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor . . . and shall recover threefold the damages by him sustained, and the cost of suit,

---

[1] Defendants properly point out that Plaintiff's Amended Complaint Two does not conform to the Court's Order granting Plaintiff leave to amend his Complaint as to the individual Defendants and as to 15 U.S.C. § 13 only. (Docket nos. 83, 93). Plaintiff has improperly added more claims (other than under 15 U.S.C. § 13(a) & (e)) against Defendant R.J. Reynolds Tobacco Company and the individual Defendants. These non-conforming parts of the Amended Complaint are subject to being stricken because they fail to conform to the Court's Order granting the motion for leave to amend. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998). Rather than rely solely on this basis for dismissing these claims, however, the Court will address the substance of the claims.

including a reasonable attorney's fee." *Id*. The Court therefore will turn to Plaintiff's other claims to determine if he has established "anything forbidden in the antitrust laws." This section, standing alone, does not authorize any relief.

  *E.*  *Count II–15 U.S.C. § 13(a)*

In Count II, Plaintiff alleges that Defendants have violated 15 U.S.C. § 13(a). Subsection (a) provides that it "shall be unlawful for any person engaged in commerce, in the course of such commerce, . . . to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, . . . and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly." 15 U.S.C. § 13(a). Defendants contend that Plaintiff has failed to state a claim under this section because the transactions at issue did not cross state lines and because competition was not affected.

The requirement that the transactions at issue must have crossed state lines is based on the language above requiring that "either or any of the purchases involved in such discrimination are in commerce." The Supreme Court has held that the "in commerce" language requires that at least one of the alleged discriminatory events occur in interstate commerce. *Gulf Oil Corp. v. Copp Paving Co.*, 419 U.S. 186, 195 (1974). *See Coastal Fuels of P.R., Inc. v. Caribbean Petroleum Corp.,* 79 F.3d 182, 189-90 (1st Cir. 1996) (15 U.S.C. § 13(a) did not apply because for transaction to qualify "the product at issue must physically cross a state boundary in either the sale to the favored buyer or the sale to the buyer allegedly discriminated against.").

Plaintiff alleges that Smoker Butts "is competing with other carton and pack stores in the surrounding city and township for the same customer." (Docket no. 91, ¶ 32). Smoker Butts is

located in Fraser, Michigan. (*Id*. ¶ 2). Plaintiff's claim therefore concerns the sale of cigarettes to or among his store and the competing retail stores in Fraser, Michigan. In his attempt to amend his Complaint Two for the second time, Plaintiff cites specific competing stores such as Smoker Arts Club in Fraser and Speedway gas station in Fraser. (Docket no. 99, ¶ 43). There is no allegation of any discriminatory transactions crossing a state line. Even if there had been such an allegation of a remote transaction it would not likely state a claim because subsection (a) requires that "the disfavored purchaser and the favored purchaser [] be in the same geographic market." *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 521 (6th Cir. 2004). Accordingly, Defendants' motion to dismiss Count II should be granted.

  *F.*  *Count III–15 U.S.C. § 13(e)*

Plaintiff alleges in Count III that Defendants have violated 15 U.S.C. § 13(e).[2] Plaintiff again alleges that Smoker Butts is competing against other carton and pack stores in the surrounding city and township for the same customers and that Defendants refused to allow Plaintiff to sign a contract which resulted in his losing sales to his competitors. (Docket no. 91, ¶¶ 40-44). Subsection (e) was enacted to prevent sellers from circumventing subsection (a) by discriminating between buyers in respects other than price. *See F.T.C. v. Simplicity Pattern Co.*, 360 U.S. 55, 68-69 (1959). Although subsection (e) does not contain the same "in commerce" language as subsection (a), "the jurisdictional bases of § 2(a) have been incorporated into § 2(e)." *L & L Oil Co. v. Murphy Oil*

---

[2] Subsection (e) states as follows:

> It shall be unlawful for any person to discriminate in favor of one purchaser against another purchaser or purchasers of a commodity bought for resale, with or without processing, by contracting to furnish or furnishing, or by contributing to the furnishing of, any services or facilities connected with the processing, handling, sale, or offering for sale of such commodity so purchased upon terms not accorded to all purchasers on proportionally equal terms.

*Corp.*, 674 F.2d 1113, 1115-16 (5th Cir. 1982). Accordingly, because there was no transaction across state lines alleged, this claim should be dismissed.

  G. *Count IV–15 U.S.C. § 2*

In Count IV, Plaintiff alleges that Defendants have violated section 2 of the Sherman Act, 15 U.S.C. § 2.[3] This section deals with monopolies. The offense has two elements: "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *PSI Repair Servs., Inc., v. Honeywell, Inc.,* 104 F.3d 811, 821 (6th Cir. 1997).

Plaintiff alleges that R.J. Reynolds Tobacco Co. bought Brown & Williamson Tobacco Co. in September 2004. Both companies paid retailers "buy down promotions" on their respective cigarette brands. (Docket no. 91, ¶¶ 44-47). R.J. Reynolds subsequently reduced the buy down promotions on certain brands and "created the monopoly," according to Plaintiff. (*Id.* ¶ 48-51).

Plaintiff has not alleged that Defendant R.J. Reynolds Tobacco Co. or any other Defendant possessed monopoly power in the relevant market. The amount of market share to satisfy this section is approximately two-thirds. *PSI Repair Servs., Inc.,* 104 F.3d at 821. Plaintiff has not alleged that any Defendant controlled two-thirds of the market share. In Plaintiff's proposed Amended Complaint, Second Time, he alleges in connection with this claim (which is labeled

---

[3] 15 U.S.C. § 2 provides as follows:

> Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.

therein as Count V), that R.J. Reynolds Tobacco Co. enjoyed a market share of 28% "at the time of trial" and Brown & Williamson's share "never exceed[ed] 12% at any time relevant to this dispute." (Docket no. 99, amended Complaint, ¶ 91). Therefore, both companies would enjoy 40% of market share, according to Plaintiff's figures. This does not meet the requirement of two-thirds of market share under section 2. *See PSI Repair Servs., Inc.,* 104 F.3d at 821. This claim should therefore be dismissed.

  *H.* *Count V–15 U.S.C. § 3(b)*

In Count V, Plaintiff alleges that Defendants have violated 15 U.S.C. § 3(b).[4] The language of this section is identical to that of section 2 except that section 3(b) applies to "trade or commerce in any Territory of the United States or of the District of Columbia" rather than "trade or commerce among the several States" in section 2. Plaintiff repeats the same allegations as in the previous count. He does not allege any trade involving a territory of the United States or the District of Columbia. Accordingly, this claim should be dismissed.

  *I.* *Count VI–15 U.S.C. § 18*

---

[4] 15 U.S.C. § 3(b) provides as follows:

> Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce in any Territory of the United States or of the District of Columbia, or between any such Territory and another, or between any such Territory or Territories and any State or States or the District of Columbia, or with foreign nations, or between the District of Columbia, and any State or States or foreign nations, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.

Plaintiff alleges in Count VI that Defendants violated 15 U.S.C. § 18.[5]  This section forbids mergers in any line of commerce where the effect may be substantially to lessen competition or to tend to create a monopoly.  *United States v. Falstaff Brewing Corp.*, 410 U.S. 526, 531-32 (1973). In this Count, Plaintiff cites the merger of R.J. Reynolds Tobacco Co. and Brown & Williamson Tobacco Co. in September 2004.  Plaintiff alleges that after the merger Defendants raised the price of Brown & Williamson brands of cigarettes and thereafter the R.J. Reynolds brands of cigarettes. (Docket no. 91, ¶ 60).  When two other tobacco companies, Philip Morris and Lorillard, raised their prices, Plaintiff alleges a monopoly was created.  (*Id.*)  Plaintiff alleges that as a result he has been injured by the stress of not being able to receive buy down promotions like other retailers, by the loss of capital, loss of business, loss of esteem and damage to his credit, and by extreme embarrassment, humiliation, and mental anguish when his bank returns checks because of insufficient funds.  (*Id.* ¶ 76).

Defendants argue that Plaintiff has failed to allege "antitrust injury."  It is well-settled that to have standing to prosecute private antitrust claims, including claims under 15 U.S.C. § 18, a plaintiff must show more than that the defendants' conduct caused him injury.  *Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 535 n.31 (1983); *Hayden v. Bardes Corp.*, 1989 WL 61957 (W.D. Ky. Feb. 27, 1989) (unpublished) (applying "antitrust injury" requirement to action under 15 U.S.C. § 18).  This requirement reflects the tenet

---

[5] The first section of 15 U.S.C. 18 provides as follows:

> No person engaged in commerce or in any activity affecting commerce shall acquire, directly or indirectly, the whole or any part of the stock or other share capital and no person subject to the jurisdiction of the Federal Trade Commission shall acquire the whole or any part of the assets of another person engaged also in commerce or in any activity affecting commerce, where in any line of commerce or in any activity affecting commerce in any section of the country, the effect of such acquisition may be substantially to lessen competition, or to tend to create a monopoly.

that the antitrust laws were meant to protect competition and not competitors. *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 488 (1977). The injury must be of the type that the antitrust laws were intended to prevent, and the injury must flow from that which makes defendants' acts unlawful. *Id*. at 489. A review of the injury that Plaintiff has pled shows that it is personal injury rather than the type of injury that the antitrust laws, and especially section 18, were intended to prevent. Plaintiff's injuries resulted from Defendants' refusal to renew or enter into a contract with him and Smoker Butts. Plaintiff's Amended Complaint fails to connect his injuries to the alleged illegal merger. Plaintiff complains that the price of cigarettes increased, but there is no reasoned allegation that this resulted because of the merger. Plaintiff's claim set out in Count VI should be dismissed.

    *J.*    *Leave to Amend*

Plaintiff's motion for leave to amend should be denied if the amendments would be futile. *See Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). Plaintiff apparently seeks to add a new Defendant in his proposed Amended Complaint: R. J. Reynolds Tobacco Holding, Inc. (Docket no. 99). Although this entity is not listed along with the other Defendants in the Amended Complaint attached, it is listed in the Motion for Leave to Amend and referred to in the body of the proposed Amended Complaint Two, Second Time. Plaintiff had named this Defendant in his original Complaint but agreed that it should be dismissed *with prejudice* after it moved for dismissal for lack of personal jurisdiction. (Docket nos. 2, 14). Plaintiff fails to give any good reason why this entity should now be added as a Defendant.

Count I of Plaintiff's proposed Amended Complaint again cites Section 4 of the Clayton Act. Plaintiff adds listings of various brands of cigarettes on which Defendants have offered promotions

but fails to explain the significance of these additions. Plaintiff's changes fail to remedy the defect discussed above for this count, however. The statutory provision relied upon authorizes damages for antitrust violations but does not itself create a cause of action. The proposed amendment to Count I is therefore futile.

Count II of Plaintiff's proposed Amended Complaint cites the same statutory provision as before the proposed amendment, 15 U.S.C. § 13(a). The proposed amended claim still fails to state a cause of action, however, because no interstate commerce is alleged with regard to the transactions at issue. This proposed amendment is therefore futile.

Count III of Plaintiff's proposed Amended Complaint cites 15 U.S.C. § 13(e) as it did before. The defect of a lack of interstate commerce is not remedied by this proposed amendment. This proposed amendment is therefore futile.

Plaintiff's proposed Amended Complaint omits Count IV.

Count V of Plaintiff's proposed Amended Complaint cites 15 U.S.C. § 3(b) as did the Amended Complaint. Plaintiff again fails to allege any trade with a United States Territory or with the District of Columbia. Therefore, this proposed amendment is futile.

Plaintiff's final claim in his proposed Amended Complaint is mistakenly labeled as Count V. It is the same claim as in Count VI of his Amended Complaint. The claim is that Defendants violated 15 U.S.C. § 18. Plaintiff alleges the same "injury" as before, however. Because Plaintiff has failed to adequately allege "antitrust injury," this proposed amendment is futile.

Because Plaintiff's proposed Amended Complaint is futile, Plaintiff's motion for leave to amend should be denied.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: November 01, 2006                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Nasir-Uddin M. Qureshi and Counsel of Record on this date.

Dated: November 01, 2006                        s/ Lisa C. Bartlett
                                                              Courtroom Deputy