UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NASIR-UDDIN M. QURESHI,**

        **Plaintiff,**                CIVIL ACTION NO.  04-CV-71810-DT

 VS.                                 DISTRICT JUDGE NANCY G. EDMUNDS

**R.J. REYNOLDS TOBACCO**       MAGISTRATE JUDGE MONA K. MAJZOUB
**COMPANY, et al.,**

        **Defendants.**
_____/

### REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**    This Court recommends that Defendants' Motion for Rule 11 Sanctions filed on November 27, 2006 (docket no. 118) be **DENIED.**

Plaintiff's Motion to Stay Sanctions filed on December 21, 2006 (docket no. 127) should be **DENIED** as moot.

**II.**    **REPORT:**

Before the Court is Defendants' Motion for Rule 11 Sanctions filed on November 27, 2006. (Docket no. 118).  Plaintiff has responded to the motion by moving to stay sanctions until after his appeal is heard.  (Docket no. 127).  The matter was referred to the undersigned for ruling.[1]  (Docket no. 122).  The motion is therefore ready for decision.

---

[1] Although the matter was referred for hearing and determination, the Sixth Circuit has found that "motions for sanctions, fees and costs are *not* to be *determined* by a magistrate judge." *Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993) (emphasis in original).  The Circuit's reasoning that resolution of such matters is dispositive of a claim and therefore subject to the report and recommendation requirement of Fed. R. Civ. P. 72(b) applies.  Accordingly, the Court issues this Report and Recommendation.

Defendants move for sanctions under Fed. R. Civ. P. 11 against Plaintiff Qureshi based on his filing of two Objections to earlier Reports and Recommendations of the Magistrate Judge. (Docket no. 118 at 1). Defendants contend that Plaintiff alleged without any factual support that "Mary Kalmink corrupted the United States Court clerk." (*Id*. at 2). They also contend that Plaintiff stated without any basis in fact that "Defendant's [sic] think they are above the law." (*Id*.) Finally, Defendants contend that Plaintiff sought to amend his Complaints to bring claims under the Racketeer Influenced and Corrupt Organizations Act without any basis in law or fact. (*Id*.)

Rule 11(c)(1)(A) requires that the motion for sanctions "be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A). The Sixth Circuit has held "that sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court; this service and filing must occur prior to final judgment or judicial rejection of the offending contention." *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).

Under this authority the Court should not grant Defendants' motion for sanctions. The motion was served on Plaintiff on November 27, 2006 and filed with the Court on the same day. (Docket no. 118). Defendants therefore failed to give Plaintiff the twenty-one day safe harbor period to withdraw the offending filings. Defendants' Motion for Rule 11 Sanctions should therefore be denied. Plaintiff's Motion to Stay Sanctions should be denied as moot.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   January 03, 2006                             s Mona K. MAJZOUB
                                                                          MONA K. MAJZOUB
                                                                          UNITED STATES MAGISTRATE JUDGE

3

## **PROOF OF SERVICE**

     I hereby certify that a copy of this Report and Recommendation was served upon Nasir-Uddin M. Qureshi and Counsel of Record on this date.

Dated: January 03, 2007                     s/ Lisa C. Bartlett
                                                               Courtroom Deputy